UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06MJ2053 AGF |
| ) | |
| COURTNEY BUIE, ) | |
| ) | |
| Defendant. ) | |

**ORDER FINDING PROBABLE CAUSE
AND ORDERING PRETRIAL DETENTION**

On March 7, 2006, Defendant was charged in a one count criminal complaint with knowingly and intentionally possessing with the intent to distribute in excess of five (5) grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1). The government moved for pretrial detention, and counsel was appointed to represent Defendant.

On March 9, 2006, the Court held a preliminary examination hearing and a hearing on the government's motion for pretrial detention. Defendant appeared and was represented by Assistant Federal Public Defender Felicia Jones. The government was represented by Assistant United States Attorney Jennifer Roy. The government presented the testimony of Detective Michael Ehnes, employed with the Metropolitan St. Louis Police Department. Based upon the evidence adduced at the preliminary examination, the Court finds probable cause to believe that the offense charged in the complaint was committed by Defendant, and the Defendant will be held to answer the charges.

With regard to the issue of pretrial detention, neither party had any objections to the Pretrial Services Report ("PSR") dated March 8, 2006, except Defendant asserted that he has not incurred the parole violations noted on pages 3 and 4 of the PSR. Subject to Defendant's objection, the Court adopts and incorporates the information contained in the PSR. The government has presented strong evidence of the charges against Defendant. In light of the charges against Defendant, a rebuttable presumption arises that there is no condition or combination of conditions that will adequately assure the appearance of Defendant or the safety of the community, under 18 U.S.C. § 3142(e).

Defendant proffered to the Court that he be released on a a $20,000 secured bond, secured by 10%. As set forth in the PSR, however, Defendant has two prior criminal convictions for serious offenses. In addition, it appears that Defendant committed the August 7, 1995 offense while he was on parole for his earlier offense, and Defendant is currently facing drug charges for an offense allegedly committed on March 11, 2005, while he was on parole for his prior two offenses. Defendant is alleged to have committed the instant offense while on release on bond for the March 11, 2005 offense. He is now facing charges that carry a substantial penalty of not less than five years and not more than 40 years.

For the above reasons, and for the reasons set forth in the PSR, the Court finds that Defendant has not rebutted the statutory presumption, and finds by a preponderance of the evidence and by clear and convincing evidence, respectively, that there is no condition or combination of conditions that will adequately assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **Thursday, April 6, 2006, at 4:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendant, Courtney Buie, be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 10th day of March, 2006.